UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARELL R. EWING, et al.,

        Plaintiffs,

v.                                     Case No. 2:22-cv-11453
                                       Honorable Sean F. Cox

WAYNE COUNTY SHERIFF, et al.,

        Defendants.
_____/

## **ORDER**

This is a civil rights action brought by eleven current and former Wayne County Jail inmates pursuant to 42 U.S.C. § 1983. Plaintiffs are Darrell R. Ewing, Roderick Graham, Lamont Lofton, Jonvonte Wiley, Quenshaun Littlejohn, Leonlius Kirsey, Cullen Clemons, Antonio Richard, Shandon Groom, Rackwon Fowler, and Antoine Bowman. Plaintiffs assert that their jail conditions relative to COVID-19 violate various constitutional rights. Plaintiffs have filed multiple motions since filing the complaint. Before the Court are Plaintiffs' motions to amend the complaint (ECF Nos. 3, 4, 5, 12, 13, 16), motion to appoint counsel (ECF No. 9), motion for class certification (ECF No. 7), motion for preliminary injunction (ECF No. 8), motion to order defendants to provide copies of Plaintiffs' grievances (ECF No. 6), and motions to expedite (ECF Nos. 15, 26).

For the reasons discussed below, the Court **GRANTS** the motion to amend the complaint (ECF No. 16), **GRANTS**, in part, the motion to expedite as it pertains to the Court's screening and service of the amended complaint (ECF No. 15) and **DENIES** the remaining motions.

**A. Motions to Amend (ECF Nos. 3, 4, 5, 12, 13, 16).**

Since commencing this action, Plaintiffs have filed six motions to amend the complaint. (ECF Nos. 3, 4, 5, 12, 13, 16). Plaintiffs' sixth motion to amend was filed on August 12, 2022. (ECF No. 16). In the attached proposed amended complaint, Plaintiffs seek to add speedy trial and access to mail claims, and add Third Circuit Court Administrator Richard Lynch, Third Circuit Court Executive Administrator Zenell Brown, and Third Circuit Court Judge Timothy Kenny as defendants. Plaintiffs appear to request that the Court treat this proposed amended complaint as the operative complaint.

Federal Rule of Civil Procedure 15(a)(1) states that a party may amend a pleading once as a matter of course if a responsive pleading as not yet been filed. After this, a party may amend a pleading only with the opposing party's written consent or leave of the court. *See* Fed. R. Civ. P. 15(a)(1)(2). Because Plaintiffs may amend their complaint only once as a matter of right, the Court will grant the sixth motion to amend the complaint, accept the proposed amended complaint as the operative complaint, and deny the previous motions to amend as unnecessary. Plaintiffs are warned that no future amendments will be accepted without leave of the Court.

**B. Motion to Appoint Counsel (ECF No. 9).**

Plaintiffs filed a motion for appointment of counsel. (ECF No. 9). Plaintiffs allege that counsel is necessary because they are not equipped with the knowledge or legal skills to litigate their complex claims.

Although a district court may appoint counsel for indigent civil litigants, 28 U.S.C. § 1915(e)(1); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993), there is no constitutional right to appointment of counsel in a civil proceeding, *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). "The appointment of counsel in a civil proceeding . . . is justified only in exceptional

2

circumstances," and when determining whether exceptional circumstances exist, "courts typically consider 'the type of case and the ability of the plaintiff to represent himself.' " *Lanier*, 332 F.3d at 1006 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).  Further, it is the practice in this District "to defer any attempt to obtain counsel for pro se civil rights Plaintiffs until after motions to dismiss or motions for summary judgment have been denied." *Weatherspoon v. Dinsa*, No. 2:14-cv-12756, 2015 WL 5634448, at *6 (E.D. Mich. Sept. 25, 2015) (unpublished decision quoting an order issued by the Magistrate Judge assigned to the case).  Plaintiffs have failed to demonstrate that the issues in this case are so legally complex and that they are incapable of litigating the issues presented in the amended complaint at this time.  Therefore, the request for counsel at this stage of the case is premature.  The Court will deny the motion to appoint counsel without prejudice.

**C. Motion for Class Certification (ECF No. 7).**

Plaintiffs have filed a motion for class certification under Fed. R. Civ. P. 23(a).  Plaintiffs seek to certify a class of prisoners housed at the Wayne County Jail.  Rule 23 provides that:

> One or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder . . . is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

For a case to proceed as a class action, the Court must be satisfied that the putative class meets these enumerated requirements, generally referred to as "numerosity, commonality, typicality, and adequacy of representation." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).  Plaintiffs bear the burden of establishing the right to class certification.  *See In re Am. Med. Sys.*, 75 F.3d 1069, 1086 (6th Cir. 1996).

The Sixth Circuit has established that pro se litigants cannot adequately represent the interests of a class. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (collecting cases). Because Plaintiff Ewing (or any of the other Plaintiffs) is an incarcerated pro se litigant, the Court finds that he is not an appropriate representative of a class. Therefore, at this time, the Court will deny the request for class certification without prejudice.

**D. Motion for preliminary injunction (ECF No. 8).**

Plaintiffs have also filed a motion for preliminary injunction. In their motion for injunctive relief, Plaintiffs allege that Wayne County Jail officials have unconstitutionally suspended recreational time as a result of COVID-19 and that the state court's denial of their right to a speedy trial has prolonged their confinement. Plaintiffs argue that injunctive relief should be granted because they are likely to succeed on the merits of their claims, they will suffer irreparable injury without an injunction, an injunction would not cause substantial harm to others, and the public interest will be served by the issuance of an injunction. Plaintiffs request that the Court order home confinement for inmates that are being housed in violation of their right to a speedy trial, compel the Third Circuit Court to hold jury trials, order the Wayne County Jail to allow the constitutional minimum of recreation time, and order the jail to open for prisoner visitation.

Under Fed. R. Civ. P. 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." The Court may issue a temporary restraining order without notice to the adverse party or the party's attorney only if (1) specific facts in an affidavit or complaint clearly show that the movant will experience immediate and irreparable injury, loss, or damages before the adverse party can be heard, and (2) the movant's attorney certifies any efforts he or she made to give notice and the reasons why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1). Preliminary injunctive relief under Federal Rule of Civil Procedure 65 is an "extraordinary

4

remedy." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002). To decide whether an injunction is warranted, the Court must consider four factors: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the requested relief; (3) whether issuance of the temporary restraining order or preliminary injunction would cause substantial harm to others; and (4) whether the requested relief would serve the public interest. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). These factors guide the Court in resolving the motion, but are not rigid prerequisites. *Sandison v. Mich. High Sch. Athletic Assoc., Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995). That said, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Upon review of the motion and the amended complaint, the Court concludes that Plaintiffs have not established that they are entitled to a preliminary injunction at this stage of the case. Generally, "[c]ourts are to give deference to prison officials' determination of safety in prisons." *See Hum. Rts. Def. Ctr. v. Winn*, 431 F. Supp. 3d 925, 944 (E.D. Mich. 2020); *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227 (1977). There is no dispute that the coronavirus pandemic has required jails and prisons to impose more restrictive measures for the safety of their staff and inmates. Whether the particular measures at issue in this case were or continue to be reasonable and necessary (for the health and safety of prisoners and staff alike) remains to be seen. The Court cannot make such a determination at this time based on the record before it and certainly not without a response from the defendants. Accordingly, the Court will deny Plaintiffs' motion for a preliminary injunction without prejudice to Plaintiffs' right to seek such relief on a developed record.

**E. Motion to order defendants to provide copies of Plaintiffs' grievances (ECF No. 6).**

Along with the original complaint, Plaintiffs filed a motion to order defendants to provide copies of their grievances. Plaintiffs allege that they requested trust account statements and related grievances from jail officials but were not provided them. Because this motion primarily pertains to Plaintiffs' status as paupers, the Court will deny the motion as unnecessary and moot. Six of the Plaintiffs have already paid their portions of the filing fee, and the Court has granted in forma pauperis status to the Plaintiffs who have not paid their portions of the fee.

**F. Motions to expedite (ECF Nos. 15, 26).**

Lastly, Plaintiffs request that the Court expedite its review of the pending motions and its screening and service of the amended complaint. To the extent that the motion requests the Court to expedite its ruling on the pending motions, that request is mooted by this Order. With respect to screening, the Court acknowledges that the case has been pending and will promptly screen the amended complaint, issue appropriate orders forthwith, and serve the amended complaint on defendants. The Court further denies Plaintiffs' emergency motion to expedite (ECF No. 26) as duplicative.

**ORDER**

**IT IS ORDERED** that Plaintiffs' motion to amend the complaint (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to expedite (ECF No. 15) is **GRANTED**, in part, with respect to the screening and service of the amended complaint. The request to expedite review of the pending motions is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' remaining motions (ECF Nos. 3, 4, 5, 6, 7, 8 9, 12, 13, 26) are **DENIED**.

**IT IS SO ORDERED**.

Dated: March 28, 2023

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on , the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/J. McCoy
Case Manager